# J. F. ANDERSON LUMBER COMPANY v.
## MILLER F. MYERS AND OTHERS.
### RICHARD T. LEEKLEY, INC., APPELLANT.

206 N. W. 2d 365.

March 30, 1973—Nos. 42346, 42370, 43125.

*Marlon O. Haugen,* for appellant.

*Rider, Bennett, Egan, Johnson & Arundel, Stuart W. Rider, Jr.,* and *Rita E. Lukes,* for respondents.

Heard before Knutson, C. J., and Otis, Todd, and Olson, JJ.

O. RUSSELL OLSON, JUSTICE.*

These are consolidated appeals from a judgment and an order amending that judgment rendered in a mechanics lien foreclosure action under Minn. St. 514.10. The appeal from the judgment raises the issue, essentially, of whether the evidence supports the court's findings of fact. The trial court, with a different judge sitting, subsequently ordered the original judgment against the defendant corporation amended to include as an additional judgment debtor a second corporation owned by the same stockholders and formed immediately after the original order for judgment was issued but before judgment against the first corporation was entered. The second appeal therefore raises the issue of whether such a second corporation can be held liable for the debts of the first corporation.

The two appeals are considered separately herein.

*Appeal from the Mechanics Lien Judgment.*

The action to foreclose a mechanics lien was commenced by J. F. Anderson Lumber Company, lumber vendor and supplier, against Miller and Janet Myers (hereafter Myers), owners of the residence being remodeled. The action was also commenced against Richard T. Leekley, Inc., the builder, as well as against the Northwestern National Bank of Minneapolis, mortgagee, and against Mergens Electric, Inc., another lien claimant. The builder filed a cross-claim against Myers for labor and materials furnished, and they filed a cross-claim against the builder for damages based on an alleged oral contract between those two parties.

In September 1966, Myers began negotiations with the builder to remodel their home. Extensive renovation was discussed, in-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

cluding, among other things, building a garage, converting a porch to a den, reroofing the house, constructing a large circular stairway, and reconstructing some floors. Initially, the parties entered into an oral agreement providing that the builder would be paid the reasonable cost of labor and materials plus 10 percent overhead and 10 percent profit. At the time of the initial agreement the cost of the job was estimated at $45,000, which Myers claim was the agreed maximum. The builder was to negotiate all subcontracts and to provide the necessary architectural and design services. Billing was on a monthly basis. Thereafter, additions and modifications in the remodeling plans, as well as in the oral contract between the homeowners and the builder, occurred from time to time, raising the entire remodeling cost to more than $100,000. Neither the original agreement nor any modification of that agreement was ever reduced to writing; everything was oral.

The trial court concluded:

(1) The builder, Richard T. Leekley, Inc., and Myers, the homeowners, had modified the original contract to provide that the maximum cost of the remodeling project should be $100,000, but, in fact, the cost to the builder had exceeded that amount.

(2) The builder, Richard T. Leekley, Inc., had agreed to forego a profit of $9,608.73.

(3) The cost of the circular staircase plus 10 percent profit and 10 percent overhead totaled $5,953.68 [rather than the $12,000 to $15,000 estimated by the builder].

The court concluded that plaintiff J. F. Anderson Lumber Company was entitled to judgment against defendant Richard T. Leekley, Inc., and defendants Myers in the amount of $24,652.01 and that Myers were entitled to judgment against defendant Richard T. Leekley, Inc., in the amount of $9,371.60. Judgment was entered accordingly, and defendant Richard T. Leekley, Inc., appealed from that judgment.

This appeal essentially concerns the sufficiency of the evidence to support the trial court's findings in favor of Myers and the

judgment of $9,371.60 entered thereon. The court's decision, as shown in its carefully drawn findings of fact and memorandum, is supported by the evidence. While many of the facts were disputed, the evidence clearly supports the trial court's decision in every respect. We affirm the trial court on this portion of the appeal.

*Appeal from the Amendment of the Judgment Naming Leekley's, Inc., as an Additional Judgment Debtor.*

After the trial, but before entry of the judgment heretofore recited, Richard T. Leekley and his wife, the sole stockholders of Richard T. Leekley, Inc., formed a new corporation entitled Leekley's, Inc. The new corporation performed the same type of home construction and remodeling business as the former corporation; Leekley and his wife were its officers and sole stockholders, as they had been in the first corporation. The first corporation transferred assets consisting of two trucks and miscellaneous other equipment to the second corporation for the sum of $1,788.58, which was paid to creditors of the first corporation; three employees from the first corporation were hired by the second corporation; and the first corporation ceased doing business. The first corporation was insolvent with total debts running more than $40,000. None of the customer contracts of the first corporation was transferred to the second corporation, and no assets in the nature of incomplete construction contracts nor money due under such contracts were transferred. Mr. Leekley stated unequivocally that the reason Leekley's, Inc., was formed was to start a new corporate entity that did not have the debts of the first corporation.

The record indicates the trial court allowed full and complete discovery proceedings on behalf of Myers, the judgment creditors, by way of oral depositions of Leekley concerning all proceedings and transfers involving the two corporations and their two stockholders. Based on those discovery proceedings, it can be concluded that no tangible assets were concealed or secretly

transferred from the first corporation to the second corporation or to its stockholders. The first corporation had been insolvent for some years before the second was incorporated, and there was no evidence of any fraudulent transfers or other fraudulent acts.

There was no formal statutory merger or consolidation under Minn. St. 301.41 to 301.45 whereby two or more corporations merge into one of the constituent corporations, or where two or more corporations consolidate into a new corporation. Nor was there a reorganization.

In the memorandum accompanying the amendment of the judgment, the trial court indicated there was a transfer of an intangible asset from the first corporation to the second corporation labeled "personal reputation and good will enjoyed by the contractor whether he does business as a sole proprietor or as a corporation." The trial court further indicated that suppliers of materials and lending institutions, among others, "relied to a large extent on the personal reputation and image of Mr. Leekley."

The issue presented is this: Absent consolidation, merger, or a corporate reorganization in the nature of a continuation, is a transferee corporation liable for the judgment debts of a transferor coporation if (a) the transferee corporation does not assume the debts by agreement, express or implied, and (b) the assets are transferred with adequate consideration and without fraud?

The general rule is that where one company sells or otherwise transfers all its assets to another company, the purchasing company is not liable for the debts and liabilities of the transferor. 15 Fletcher, Cyclopedia of Corporations (Perm. ed.) § 7122, sets forth the general rule and its exceptions as it applies to corporations as follows:

"Generally where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor, except: (1) where the

purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts."

See, Forest Laboratories, Inc. v. Pillsbury Co. 452 F. 2d 621 (7 Cir. 1971). A fifth exception, sometimes incorporated as an element of one of the above exceptions, is the absence of adequate consideration for the sale or transfer. McKee v. Harris-Seybold Co. 109 N. J. Super. 555, 264 A. 2d 98 (1970). In Economy Refining & Service Co., Inc. v. Royal Nat. Bank of New York, 20 Cal. App. 3d 434, 97 Cal. Rptr. 706 (1971), the court apparently determined that a transfer of assets without adequate consideration fell within the fourth exception to the rule. The court said:

"Transfers of all of the assets of a person or corporation in straitened circumstances, without fair consideration, to a corporation having substantially the same ownership, by which the just claims of creditors are defeated, are of such fraudulent nature that the new corporation may be held to the debt of the old." 20 Cal. App. 3d 439, 97 Cal. Rptr. 710.

Under the facts of the instant case, there was no agreement by the transferee of the assets to assume the debts of the transferor nor was there a consolidation or merger between the transferring and receiving corporation. As to the third recited exception noted to the general rule, i.e., "where the purchasing corporation is merely a continuation of the selling corporation," such exception refers principally to a "reorganization" of the original corporation, such as is accomplished occasionally under Chapter X of the Bankruptcy Act, 11 U. S. C. A. §§ 501 to 676, and perhaps under other state statutory devices. 15 Fletcher, Cyclopedia of Corporations (Perm. ed.) §§ 7122 and 7200. The mere fact that a purchasing corporation is "carrying on the same business" as the selling corporation is not sufficient to make the pur-

chasing corporation liable for the debts of the selling corporation. The purchasing corporation in the instant case was not a continuation of the selling corporation within the meaning of the exception to the general rule.

Finally, Myers contend that assets were transferred without adequate consideration.[1] They rely upon the trial court's statement that the most valuable asset of a contractor is his personal reputation and good will. However, it is unclear to this court how personal reputation of an officer and principal stockholder of a corporation can be an asset transferred from one corporation to another sufficient to justify a finding that the receiving corporation is liable for the debts of the transferring corporation. On the other hand, in a proper case, if there is an asset of the corporation labeled "good will," which is transferred and which can be measured in money terms, perhaps there would be some basis for determining that the creditor of the transferring corporation has a claim against the receiving corporation. The record in this case is devoid of evidence of such a transfer of corporate "good will." In fact, the first corporation was insolvent at the time the second business was incorporated and had been insolvent for a number of years.

The record in this case clearly indicates that there was a transfer of tangible assets from the first corporation to the second with full and adequate consideration paid in the amount of approximately $1,700; there was no transfer of tangible assets to the second corporation or to the stockholders with less than full consideration; and there were no intangible assets of the corporation in the nature of "good will" transferred from the first corporation to the second corporation. The transfer was not otherwise fraudulent.

Some Minnesota case law appears to hold that a receiving cor-

---

[1] See, Jackson v. Diamond T. Trucking Co. 100 N. J. Super. 186, 241 A. 2d 471 (1968), where the court, applying the test set out in Fletcher, concluded, among other things, that the corporate assets had been transferred without adequate consideration.

poration is liable for the debts of the transferor where there is continuity of business, name, and management. In Fena v. Peppers Fruit Co. 185 Minn. 137, 239 N. W. 898 (1931), the receiving corporation assumed the debts of the transferor by agreement, albeit it is not clear whether by express or implied agreement. A California sole proprietor, not a corporation, transferred $350,000 worth of assets to a corporation in return for which the sole proprietor received nearly all the common stock of the transferee corporation. The purchasing corporation operated the entire business previously engaged in by the sole proprietor and the management was the same. The court held that the receiving corporation by agreement had assumed the debts of the transferor. The court appeared to find continuity of business, name, and management, together with the transfer of assets to the corporation in return for corporate stock to the transferor as an additional basis for its decision. Upon close analysis, it is clear, however, this was not a case of transfer of assets without adequate consideration since 2,495 of 2,500 outstanding shares of stock in the receiving corporation were all issued to the transferor. In the absence of a transfer of assets without adequate consideration, the alternative basis for the decision, appearing to rest on continuity of business, name, and management alone, is not, we think, sufficient basis for holding a transferee liable for the debts of the transferor. See, also, Range Ice & Fuel Co., Inc. v. Barnsdall Oil Co. 209 Minn. 260, 296 N. W. 407 (1941).

In the instant case, the motive of Leekley and his wife in forming the second corporation was to avoid paying the debts of the first corporation, particularly the judgment in question. However, such a motive no more forms the basis for requiring the second corporation to assume the debts of the first corporation than it serves as a basis for an objection to a discharge in bankruptcy.

We hold that where one corporation transfers its assets to another corporation, absent consolidation, merger, or a mere con-

tinuation of the selling corporation such as a reorganization, the receiving corporation is not responsible for the debts of the transferring corporation except (a) where the purchaser agrees, expressly or impliedly, to assume such debts, or (b) the transfer of assets is entered into for inadequate consideration, or otherwise fraudulently, in order to escape liability for such debts.

The judgment of the trial court in the mechanics lien action is affirmed. (Appeals Nos. 42346 and 42370) The amended judgment making Leekley's, Inc., an additional judgment debtor to the original judgment is reversed. (Appeal No. 43125) The garnishment action brought by Myers against the second corporation, Leekley's, Inc., is ordered dismissed.

Affirmed in part; reversed in part.